**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Christopher Vickerman,<br><br>Plaintiff,<br><br>vs.<br><br>Jake Vermillion, Corrections Officer, Ward County Jail,<br><br>Defendant. | ) | **ORDER**<br><br>Case No. 1:25-cv-073 |

---

Plaintiff is an inmate at the North Dakota State Penitentiary. He initiated the above-captioned action *pro se* on April 1, 2025, with the submission of an application to proceed *in forma pauperis*, which the court granted, and a complaint. (Doc. Nos. 1, 5, and 7).

The court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Finding that Plaintiff had asserted a facially plausible claim against Defendant in his individual capacity for excessive use of force, the court issued an order directing the Clerk's office to serve and/or forward a notice of lawsuit, a copy of the complaint, and a request for waiver of service of summons form to Defendant. (Doc. No. 10). The order further provided that, if necessary, the United States marshal was to effectuate service. (Id.).

On April 15 and 22, 2025, the Clerk's office sent the aforementioned documents to an address for Defendant in Virginia. (Doc. Nos. 11 and 12).[1] It received no response. Consequently, on May 27, 2025, it issued a summons, which it forwarded to the United States marshal for service. On September 30, 2025, the summons was returned unexecuted by the United States Marshals

---

[1] It is not clear who provided the Clerk's office with this address.

Service ("USMS") with the explanation that it was unable to locate Defendant. (Doc. No. 14). On October 14, 2025, the Clerk's office issued a new summons which it forwarded to the United States marshal along with another copy of the complaint for service. (Doc. No. 16). On October 22, 2025, the summons was returned unexecuted by the USMS with the explanation that Defendant was no longer residing at his last known address(es) in Minot, North Dakota. (Doc. No. 17). There has since been no apparent activity in this case.

Plaintiff bears the responsibility of prosecuting this case, including effectuating service of process on Defendant. He has been aided by the United States marshal and the court. However, the ultimate responsibility for effectuating service is his alone. See Hardene v. St. Louis Pub. Libr., No. 4:22-CV-1229 AGF, 2023 WL 6199785, at **2-3 (E.D. Mo. Sept. 22, 2023) (opining that is the responsibility of the plaintiff to obtain the addresses for defendants and that USMS and the court should refrain from engaging in any investigatory efforts on behalf of the plaintiff); see also Beyer v. Pulaski Cty. Jail, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information."); Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) ("[I]t was [the plaintiff]'s responsibility to provide proper addresses for service on [the defendants]."); see, e.g., Pemberton v. Patton, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) ("[T]he Marshals service is not responsible for lack of service where a plaintiff does not provide correct information required for service."); Kurka v. Iowa County, No. 08-CV-95-LRR, 2009 WL 906037, at *3 (N.D. Iowa Mar. 30, 2009) ("[T]he Federal Rules of Civil Procedure place the burden for effecting service within the 120-day time period upon the plaintiff, as opposed to the court, the United States Marshal or anyone else."); Beck v. Nutakor, No. 04-686 (PJS/SRN), 2008 WL 512706, at *3 (D. Minn. Feb. 25, 2008) (adopting Report and Recommendation) ("Plaintiff must not

only provide a correct address for a defendant to be served by the Marshals Service; he must also provide a correct name.").

Plaintiff's status as a *pro se* litigant does not relieve him of his obligation to adhere to and comply with the same rules of procedure that govern other litigants, including the rules regarding service. Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4 provides the following in relevant part:

> (c) Service.
>
> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> (2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.
>
> (3) By a Marshal or Someone Specially Appointed. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916.
>
> * * *
>
> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(c) and (m).

More than ninety days have lapsed since Plaintiff initiated the above-captioned action. Since Plaintiff is proceeding *pro se*, the USMS has been tasked with serving Defendant. However, Plaintiff has not provided correct information so that the USMS can accomplish this task. Giving

Plaintiff the benefit of all doubt, the court shall extend the deadline for effectuating service on Defendant as follows. Plaintiff shall have until January 23, 2026, to provide the Clerk's office with an address at which Defendant can be served. Upon receipt of this address, the Clerk's office shall issue a new summons and provide it to the United States marshal along with another a copy of the complaint for service on Defendant. The USMS shall thereafter have until February 13, 2026, to serve Defendant.

If Plaintiff cannot provide the correct information to effectuate service, this action shall be dismissed without prejudice. See Fed. R. Civ. P. 4(m). Failure to comply with this order will also result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated this 9th day of January, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court